LAW OFFICES OF BASTIAN & DINI
ROBERT L. BASTIAN, JR. [SBN 170121]
MARINA R. DINI [SBN 169176]
9025 Wilshire Blvd., Suite 500
Beverly Hills, CA 90211
Telephone: (310) 789-1955
Facsimile: (310) 822-1989
email: robbastian@aol.com
email: miadini@aol.com

Attorneys for Plaintiff
LLOYD JOSEPH COLLINS

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD JOSEPH COLLINS,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>STATE OF CALIFORNIA, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:15-CV-00710-FFM<br><br>**DISCOVERY STIPULATION & [PROPOSED] PROTECTIVE ORDER**<br><br>[*Before the Honorable Magistrate Frederick F. Mumm*] |

Subject to the approval of this Court, the parties hereby stipulate to the following protective order:

In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to plaintiff LLOYD JOSEPH COLLINS' Request for Production, Set One, propounded on defendant COUNTY OF LOS ANGELES, Nos. 1-9, 11, 13 and 15 [relating to jail documents and inmate complaints], and plaintiff LLOYD JOSEPH COLLINS'

**DISCOVERY STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Request for Production, Set One propounded on defendant CHP OFFICER DANIEL J. RINGWELSKI [#019101 [relating to the underlying subject internal affair's investigation, personnel files, performance evaluations and related documents], Nos. 1-3, 5-6, 8-16, 19, 21, 22, 24, 28.

**GOOD CAUSE STATEMENT:** Good cause is present because widespread dissemination of such materials without district court supervision may interfere with the settled privacy expectations of third party witnesses or the participants in such investigations, exposing such persons to embarrassment unrelated to what is necessary for this litigation and possible retaliation.

Having found good cause, IT IS HEREBY ORDERED by this Court that any items produced by defendants in response to plaintiff LLOYD JOSEPH COLLINS' Request for Production, Set One, propounded on defendant COUNTY OF LOS ANGELES, Nos. 1-9, 11, 13 and 15 [relating to jail documents and inmate complaints] and plaintiff LLOYD JOSEPH COLLINS' Request for Production, Set One propounded on defendant CHP OFFICER DANIEL J. RINGWELSKI [#019101][relating to the underlying subject internal affair's investigation, personnel files, performance evaluations and related documents] shall be disclosed to counsel for the parties under the following protective order:

1. Prior to use in this litigation, the "Confidential Material" shall be stamped or otherwise marked: "Confidential Material subject to protective order."

2.  The "Confidential Material" shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation.

3.  The "Confidential Material" may be disclosed only to the following persons:

    (a)  counsel for any party to this action;

    (b)  paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel referred to in (a);

    (c)  court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action, including trial;

    (d)  any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

    (e)  any in-house expert designated by any party to testify at trial in this matter;

    (f)  witnesses who may have the documents disclosed to them during deposition proceedings, may not leave the deposition with copies of the documents, and shall be bound by the provisions of paragraph 4;

    (g)  parties to this litigation.

4.  Each person to whom disclosure is made hereunder shall, prior to the time of such disclosure, be provided by the person furnishing him/her such material, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order and agrees to be bound by the same.

5.  At the conclusion of the trial and of any appeal, or upon other termination of this litigation, all "Confidential Material" received in the provision of this order (including any copies made) shall be tendered back to

counsel for the County of Los Angeles and State of California.  Provisions of this order insofar as they restrict disclosure and use of the "Confidential Material" shall be and remain in effect until further order of this Court.

6. The addresses, telephone numbers and other personal identifying information of the parties, or their family members, shall not be disclosed even under the terms of this protective order and such information is to be redacted before any disclosure of "Confidential Material."  In the event of inadvertent disclosure, immediate steps will be taken to redact that information before further disclosure.

7. Further, the respective counsel for plaintiff, County of Los Angeles and State of California, hereby agree that any and all witness information, including that of plaintiff and/or defendant's date of birth, home addresses, social security number, driver's license number, names and personal information of family members, shall remain redacted from all documents previously disclosed, and to be disclosed under this protective order.

8. The foregoing is without prejudice to the right of any party: a) to apply to the court for a further protective order relating to any confidential material, or relating to discovery in this litigation; b) to apply to the Court for an order removing the "Confidential Material" designation from the document; c) to apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of "Confidential Material" beyond the terms of this order.

9. Any document filed with the Court that reveals "Confidential Material" shall be **submitted for filing under seal along with an application pursuant to Local Rule 79** ~~filed under a sealed label~~.  **The submitted document should be contained in an envelope** with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may

**DISCOVERY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**
-4-

not be copied or examined except in compliance with that order." Documents so labeled shall be kept by the Court under seal **to the extent the Court grants the application** and shall be made available only to the Court or counsel. **(FFM)**

10. The persons bound by this agreement agree to subject themselves to the jurisdiction of the above-captioned federal court for purposes of the enforcement of this agreement and further understand that violation of this agreement subjects the violator to the contempt power of the federal court and any other remedies available to the aggrieved parties.

**11. If a party to whom "Confidential Material" has been produced is subpoenaed or ordered by another court or administrative agency to produce information that is subject to this protective order, such party shall notify promptly the party who produced the material of the pending subpoena or order. It is the producing party's responsibility to take whatever action it deems appropriate to challenge the subpoena or order in the issuing court or agency. The party subject to the subpoena or order shall not produce any "Confidential Material" in advance of the date required by the subpoena or order. Nothing herein shall be construed as relieving anyone subject to this order from any obligation to comply with a validly issued subpoena or order. (FFM)**

APPROVED AND SO ORDERED:

DATED: October 27, 2015

   /S/ FREDERICK F. MUMM
THE HON. FREDERICK F. MUMM
United States Magistrate Judge

**DISCOVERY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER**
-5-